UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES ROCKY WRIGHT,**
                                        **Plaintiff**

                                                  **Civil Action Number**
**v.**                                            **3:01CV-111-J**

**FRITZ MOISE, et al.,**
                                   **Defendants**


## <u>MEMORANDUM AND ORDER</u>

In 2004, this Court entered final judgment herein, explicitly declining to address the merits and dismissing the case for failure to exhaust administrative remedies.  The dismissal order was mistakenly denoted as being "with prejudice," a notation that erroneously implied that this Court had ruled on the merits.  In November of 2005, the United States Court of Appeals entered its mandate, affirming the dismissal, but explicitly noting that the dismissal was without prejudice to refile upon compliance with procedural and substantive requirements.  The matter is now before this Court on plaintiff's motion to reopen this action.  After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that it does not have the authority to reopen the case as to which final judgment has been entered.

Mr. Wright argues that the "without prejudice" ruling authorizes the District Court to reopen this action in which final judgment has been entered and affirmed.  He asks that the Court rule that he has now exhausted his administrative remedies.  He also seeks to add the new Chief of Corrections as a party defendant, based on events subsequent to entry of the original

1

judgment herein.

Defendants correctly note that a dismissal "without prejudice" is nonetheless final and subject to review on appeal.  The effect of the "without prejudice" language is to allow the plaintiff to start over once the cited impediment has been removed.  It does not represent a ruling that the case in which the judgment is entered may be reopened, nor does it represent a ruling that there are no other impediments to an action by plaintiff.  The appellate court did not reach the merits of Mr. Wright's claim, and by inserting the "without prejudice" language, the appellate court underscored the fact that this Court had not reached the merits of Mr. Wright's claim.  The effect was to treat the first action as not having been filed, so that Mr. Wright could start over in his quest to present the merits of his claim to the federal court.

Mr. Wright suggests that in affirming but adding the "without prejudice" term, the appellate court left this Court free to revise its original judgment to include a "stipulation of reinstatement of suit upon completion of exhaustion of administrative remedies."  Reply at 1.  The Court is inclined to the view that including such language in the original judgment would have deprived it of  finality, rendering appeal unavailable.  In any event, however, attempting to insert such language at this point would represent a material change in the final judgment and would require unusual circumstances as set out in Fed.R.Civ.Pro. 60, none of which are present here.   While there are cases which have been reopened following dismissal without prejudice, the Court has not located any such case in which an affirming appellate mandate intervened between the dismissal and the reopening.

The distinction between reopening the original action and permitting the filing of a second action may at first appear technical and insignificant.  However, there is a very real

difference, based on the overriding importance of orderly proceedings, reliance on finality, and keeping a clean record for subsequent review.  Indeed, Mr. Wright's request to add a new defendant shows his reliance on events that occurred after entry of final judgment in this case. By filing a new action, Mr. Wright will be able to set out the facts of his claim as it now stands; he will be able to obtain a clear and uncluttered ruling on the issue, if any, of equitable tolling (see, e.g., <u>Griffin v. Rogers</u>, 399 F.3d 626 (6th Cir. 2005); and all parties and the court will be able to rely on the orderly process to which all litigants are entitled.

Accordingly,

IT IS ORDERED that plaintiff's motion to reopen is denied.